IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JUAN MUZA,                              :

    Petitioner,                         :

v.                                      :    CIVIL ACTION 10-00659-WS-B

UNITED STATES OF AMERICA,               :

    Respondent.                         :

## REPORT AND RECOMMENDATION

Petitioner Juan Muza, a federal prisoner confined in Loretto, Pennsylvania, initiated this action by filing a document styled "Petitioner's Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241(C)(3)". (Doc. 1) This action has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. 636(b)(1)(B) and Local Rule 72.2(c)(4). Upon the Court's *sua sponte*[1] review of Muza's petition, the undersigned finds that this Court lacks subject matter jurisdiction to entertain his petition because Muza failed to satisfy the

---

[1] See Means v. Vasquez, 168 Fed. Appx. 900 (11th Cir. 2006)(Eleventh Circuit affirmed the district court's *sua sponte* dismissal of 28 U.S.C. § 2241 petition because petitioner failed to satisfy the requirements for the § 2255 saving clause and thereby open the portal to a § 2241 proceeding.); Acosta v. Artuz, 221 F.3d 117, 123 (2nd Cir. 2000) ("[T]he authority to raise [ ] procedural defenses sua sponte is consistent with the authority provided to the district courts in 2254 Habeas Rule 4 and 2255 Habeas Rule 4(b)."); see Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999) (finding that a district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state.").

requirements of the 28 U.S.C. § 2255 saving clause and thereby open the portal to a § 2241 proceeding.[2] The petition is also barred because it is a second or successive petition under 28 U.S.C § 2255.

**I. NATURE OF PROCEEDINGS**

On August 25, 2000, Petitioner Juan Muza was sentenced to 292 months imprisonment after being convicted in this Court of conspiracy to possess a Schedule II controlled substance (Dilaudid) with intent to distribute, possession of a Schedule II substance with intent to distribute, and traveling in interstate commerce with the intent of committing the crime of possessing a Schedule II substance with intent to distribute. (United States v. Juan Muza, Criminal Action No. 99-00074-WS-C., Doc. 140). Muza's conviction was affirmed on appeal. United States v. Juan Muza, 268 F.3d 1066(11th Cir. 2001). On September 16, 2002, Muza filed a timely motion to vacate, set aside or correct sentence pursuant to 28

---

[2]This action is also subject to dismissal because Muza filed his petition in the wrong court. Motions made pursuant to § 2241 must be brought "only in the district court for the district in which the inmate is incarcerated." Fernandez v. United States, 941 F.2d 1488, 1495 (llth Cir. 1991); 28 U.S.C. § 2241(d). As noted supra, Muza is confined in Loretto, Pennsylvania; thus, he has filed in the wrong court. See Allen v. Lamanna, 2000 U.S. Dist. LEXIS 7816 (S.D. Ala. Apr. 20, 2000)(holding the court did not have jurisdiction over the petitioner's 2241 motion because such a challenge was proper only in the district where the petitioner was incarcerated); See also, Rumsfeld v. Padilla, 542 U.S. 426, 447, 124 S. Ct. 2711, 2724-25, 159 L. Ed. 2d. 513 (2004); Westine v. Scott, 356 Fed. Appx. 254 (11th Cir. 2009)(per curiam).

U.S.C. § 2255, which was denied. (99-00074, Doc.174). Subsequent thereto, the Eleventh Circuit Court of Appeals denied Muza's motion for a certificate of appealability. (99-00074, Doc. 183). Muza then filed an Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. 2255. His application was denied by the Court of Appeals. (99-00074, Doc. 185). Muza then filed a number of unsuccessful motions seeking to attack his sentence, including a Motion to Reduce Sentence under 18 U.S.C. § 3582(c) (99-00074, Docs. 186, 187, 193), and a "Petition for Writ of Audita Querela".[3]

In the present motion, Muza seeks yet again to attack his sentence and argues that his trial counsel was ineffective in 1) failing to request an evidentiary hearing in regards to Muza's sentence enhancements for having a leadership role in the conspiracy and obstruction of justice, and 2) failing to adequately contest the implementation of consecutive sentences pursuant to U.S. Sentencing Guidelines 3D1.2(c). (Doc. 1 at 14, 16). Muza acknowledges that he is not entitled to file a successive § 2255 petition; however, he argues that he should be permitted to proceed with a §2241 claim because at this juncture, that is the only vehicle available to bring his claims before this Court. (Doc. 1 at

---

[3] The "Petition for Writ of Audita Querela" was dismissed by this Court as a successive motion to vacate under 28 U.S.C. § 2255. (99-00074, Doc. 207).

2). While Muza is correct that he is not authorized to proceed with a successive § 2255 petition, he has failed to establish that he is entitled to proceed under § 2241. Thus, his § 2241 claim is due to be dismissed.

## II. ANALYSIS

> It is a well established general rule that a collateral attack on a conviction and sentence should be brought through 28 U.S.C. § 2255 in the federal district court that sentenced the petitioner. See Birdsell v. Alabama, 834 F.2d 920, 922 n.5 (11th Cir. 1987). The only exception to this general rule allows a petitioner to file such an attack in the district of incarceration, pursuant to § 2241, if the petitioner can show that the remedy provided for under § 2255 is inadequate or ineffective to test the legality of the detention. See Wofford v. Scott, 177 F. 3d 1236 (11th Cir. 1999).

Allen v. Lamanna, 2000 U.S. Dist. LEXIS 7816, *7-8 (S.D. Ala. Apr. 20, 2000)

Congress enacted 28 U.S.C. § 2255 to provide an efficient mechanism for resolving habeas petitions brought by federal prisoners. See Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999). Since a collateral attack should be brought under § 2255, relief is generally not available under § 2241. However, the use of § 2241 is not completely foreclosed by § 2255. Pursuant to § 2255's "savings clause," relief under § 2241 is available if § 2255 is shown to be "inadequate or ineffective." See 28 U.S.C. § 2255 (e). The burden of coming forward with evidence affirmatively showing the

inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).[4]

In the Eleventh Circuit, the savings clause has been interpreted restrictively, and does not apply, as Muza suggests, whenever the AEDPA restrictions on successive motions bar a 2255 motion. Wofford, 177 F.3d at 24, 26. "The savings clause of § 2255 applies [to allow proceedings under § 2241 only] when 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised..." Wofford, 177 F.3d at 1244.

In the current action, Muza has not asserted, let alone demonstrated, that he was convicted of a crime which has been subsequently made non-existent by "circuit-busting" Supreme Court precedent. Muza relies on the "actual innocence" language of Wofford to establish a basis for his motion under § 2241. (Doc. 1 at 2, ("once the savings clause of 28 U.S.C. § 2255 applies to open the portal to a 28 U.S.C. § 2241 proceedings [the proper inquiry] will be whether the petitioner can establish actual innocence of the crime.")). However, Muza has not cited any Supreme Court

---

[4] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

5

precedent that makes the crime for which he was convicted non-existent; thus he has failed to meet the requirements set forth in Wofford. As a result, this Court need not reach the merits of Muza's claim, including his innocence defense, because the portal to a § 2241 proceeding has not been opened. See Means v. Vasquez, 168 Fed. Appx. 900 (11th Cir. 2006). Simply put, Muza may not now use § 2241 to avoid the restrictions on successive 2255 motions. Wofford, 177 F.3d at 1245 ("the remedy by motion under § 2255 is not rendered 'inadequate or ineffective' because an individual is procedurally barred from filing a second or successive § 2255 motion.")(Cox, J., concurring specially); See also Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005)("[AEDPA's restrictions on successive § 2255 motions] standing alone, do not render that section 'inadequate or ineffective' within the meaning of the savings clause."). Accordingly, Muza's petition must be dismissed because he has not established the requirements set forth in Wofford, and cannot use 28 U.S.C. § 2241 to circumvent § 2255's restrictions on second or successive petitions.[5]

---

[5] Muza's petition would fare no better if it was treated as a petition under § 2255 because as Muza recognizes, a second or successive motion cannot proceed in the district court unless it is certified as provided in section 2244 by "a panel of the appropriate court of appeals to contain—(1)newly discovered evidence. . . or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. Because Muza has not applied to and received permission from the Eleventh

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that any request for a certificate of appealability be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where a habeas petition is

---

Circuit Court of Appeals to file a second habeas petition, this Court lacks jurisdiction to consider his petition for relief. Farris v. U.S., 333 F.3d 1211, 1216 (11th Cir. 2003).

being denied on the merits of an underlying constitutional claim, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller El v. Cockrell, 537 U.S. 322, 336 (2003).

Neither of Muza's claims are such as would warrant the issuance of a Certificate of Appealability. As previously established, reasonable jurists could not conclude that this Court is in error in finding that Muza failed to satisfy the requirements of the 28 U.S.C. § 2255 savings clause. See Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). The recommendation that Muza's petition be denied is based on the straightforward application of clear Circuit

8

precedent, and no reasonable jurist could differ on the appropriate disposition of the claims on the record presented. It is thus recommended that the Court deny any request for a Certificate of Appealability.

**IV.** <u>**CONCLUSION**</u>

For the reasons set forth above, it is the opinion of the undersigned Magistrate Judge that Muza's petition for habeas corpus relief should be DENIED. It is so recommended.

The attached sheet contains important information regarding objections to this recommendation.

DONE this **17th** day of **December, 2010**.

                                        **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)( c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a

copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.